IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LATONA J. VEAL,

                                                                  OPINION and ORDER

                    Plaintiff,

                                                                      13-cv-758-bbc

     v.

CHARLES P. WASKOW, AMY KLEENFELDT,
NESTOR S. RODRIGUEZ and LINDA COVERT,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Latona Veal, proceeding pro se, has submitted a complaint against several defendants, including Charles Waskow, with whom plaintiff has entered into a state of Wisconsin domestic partnership. Although her complaint is somewhat difficult to understand, plaintiff seems to be alleging that Waskow has mentally abused her, failed to assist her in disputing online fraud against them and spent either her funds or joint funds against her wishes. Plaintiff seeks dissolution of her domestic partnership. She alleges also that she was falsely arrested by defendants Linda Covert and Amy Kleenfeldt of the Madison police for taking Waskow's vehicle. Finally, she alleges that she was "violated" by defendant Nestor Rodriguez, a "psychologist first responder," presumably in conjunction with the arrest. As relief she asks that Waskow remove his name from her accounts, cancel services such as television that he has ordered and return her property. She wants a termination of

their domestic partnership and her name to be "cleared" regarding the fraud against her.

The court has already allowed plaintiff to proceed without any prepayment of the filing fee for this case. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). After considering plaintiff's complaint, I conclude that there are too many problems with her allegations to proceed at this point, but I will give her an opportunity to respond to this order and submit an amended complaint.

Perhaps foremost among the problems with plaintiff's allegations is that they describe two different sets of claims that belong in different lawsuits, which would violate Federal Rule of Civil Procedure 20. Those lawsuits are:

- Lawsuit #1: Defendant Charles Waskow mentally abused her, failed to assist her in disputing online fraud against them and spent either her funds or their joint funds against her wishes. Plaintiff seeks dissolution of their domestic partnership.

- Lawsuit #2: Defendants Linda Covert and Amy Kleenfeldt falsely arrested her and she was "violated" by defendant Nestor Rodriguez in connection with the arrest.

Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Even

2

though plaintiff states that she was arrested for "stealing" Waskow's car, her claims against Waskow are not closely related enough to her arrest to bring in the same lawsuit as her claim against Covert, Kleenfeldt or Rodriguez. Plaintiff may bring only one of these lawsuits under this case number. Moreover, if her claim against Rodriguez does not arise out of her arrest, she may have to bring a third lawsuit if she wants to proceed against him. I will give plaintiff a chance to explain which case she wishes to pursue under this case number.

Splitting the claims against Waskow from the claims against the other defendants creates further problems. Although the bulk of plaintiff's complaints and requests for relief seems to relate to Waskow, there does not appear to be any basis for this federal court to exercise jurisdiction over these claims. Federal courts are limited to hearing cases in which the plaintiff is raising a federal question, 28 U.S.C. § 1331, or in which the defendants' citizenship is diverse from that of the plaintiff. 28 U.S.C. § 1332. Plaintiff has not alleged that Waskow is a citizen of a state in which plaintiff is not a citizen or that she is basing her complaint on federal law. Even if this court could exercise jurisdiction over the case, I could not grant her all of the relief she seeks. For instance, a federal court cannot terminate her domestic partnership. E.g., Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) ("domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees").

Even if plaintiff chooses Lawsuit #2 containing federal claims against government employees, she does not explain how defendant Rodriguez "violated" her or what remedies she seeks regarding these claims. Thus, if she chooses to continue with Lawsuit #2, she will

have to explain what Rodriguez did to violate her rights and what relief she seeks for defendants' violation of her rights (such as money damages, or injunctive or declaratory relief) and how her claim against him arises out of her arrest by Covert and Kleenfeldt.

From plaintiff's allegations, her focus on the claims against Waskow and the various problems with her complaint, it appears that she would be better off bringing her claims against Waskow in state court, if only because it has the authority to terminate domestic partnerships. However, this court cannot choose which lawsuit plaintiff should pursue under this case number; she will have to do it for herself. Accordingly, I will give her a chance to respond to this order, choosing which of the two above-numbered lawsuits she wishes to pursue under this case number. No matter which lawsuit she chooses, she will have to provide an amended complaint in which she explains her claims more fully. E.g., Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1024 (7th Cir. 2013) (pro se plaintiffs should be given the same leeway as paying litigants, who ordinarily retain the ability to amend their complaint once as a matter of right, "'even after a court grants a motion to dismiss'") (quoting Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011)).

In providing an amended complaint, plaintiff should include *all* of her previous allegations as well as correct the problems with her complaint that I have identified above but she does not have to resubmit the attachments to her original complaint. If she chooses Lawsuit #1 against defendant Waskow, she will have to explain whether they are citizens of different states or what other reason she has for believing that this federal court has jurisdiction over her claims against Waskow. If she chooses Lawsuit #2, she will have to explain how defendant Rodriguez "violated" her and what remedies she seeks from the court.

Alternatively, plaintiff can choose to pursue *both* cases, but she will end up owing another $350 filing fee for the second case. She will then have to submit two separate amended complaints, one fixing the problems regarding her claims against Waskow and the other fixing the problems with her claims about her arrest.

If plaintiff disagrees with the way the court has grouped her claims or if she believes the court has left out claims she intended to assert or included claims she did not intend to assert, she may raise those objections in his response, but she must still comply with this order and choose which lawsuit or lawsuits she wishes to pursue. If she fails to do so, I will construe her silence as a request to dismiss all of her claims without prejudice to her refiling them at a later date.

ORDER

IT IS ORDERED that plaintiff Latona Veal may have until December 30, 2013 to respond to this order as follows:

- explain which of the above-numbered lawsuits she would like to pursue under this case number;

- explain whether she would like to pursue the lawsuit she does *not* choose under a new case number and owe an additional $350 filing fee for that case; and

5

- provide an amended complaint fixing the problems discussed in the opinion above for each lawsuit she chooses to pursue.

Entered this 9th day of December, 2013.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge