IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LATONA J. VEAL,

                                                                                              OPINION and ORDER
                       Plaintiff,

                                                                                                13-cv-758-bbc
     v.

CHARLES P. WASKOW, AMY KLEENFELDT,
NESTOR S. RODRIGUEZ and LINDA COVERT,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LATONA J. VEAL,

                                                                              OPINION and ORDER
                       Plaintiff,

                                                                               14-cv-137-bbc
     v.

JOHN KOSKINEN, ROBERT MUELLER CLARENCE RAMBO,
U.S. POSTAL SERVICE, PENTAGON FEDERAL CREDIT UNION,
MOTLEY FOOL, INC., FORWARDLINE,
ST. JOHN'S LUTHERAN CHURCH,
HURRICANE ELECTRIC INTERNET SERVICE,
FEDERAL RESERVE BANK, FIDELITY INVESTMENT,
NORTH COAST AUTO MALL, AT&T, INC.,
BANK OF AMERICA, CHASE BANK, WELLS FARGO BANK,
WORLD BANK, IMF, VERSUS BANK, AMAZON.COM,
EBAY, INC., PAYPAL, INC., MICROSOFT, INC.,
GOOGLE, INC., TWITTER, FACEBOOK,
DUN & BRADSTREET, BOARD OF EDUCATION,
LIFE INSURANCE POLICIES ONLINE, GEICO, INC.,
PROGRESSIVE INSURANCE, INC.,
FOOD STAMP SHARE PROGRAM, VERIZON, SPRINT SPECTRUM,

VIRGIN MOBILE, WESTERN UNION, PAYDAY LOANS,
DREW KNAPP, MARK CRAMER, BRET WULF, TIMESHARES,
MEDIATEMPLE.NET, WEBSITE BROKERAGE,
ADAM BEEBE, STANLEY W. CARROLL,
MARQUETTA BRESLIN, WALMART, WALGREEN,
GREYHOUND BUSLINE and PUBLIC LIBRARIES,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Latona Veal, proceeding pro se, submitted a complaint containing claims against several defendants, including her domestic partner, Charles Waskow, as well as police officials concerning a false arrest. She was allowed to proceed on that complaint in case no. 13-cv-758-bbc.

In a December 9, 2013 screening order, I stated that the biggest problem with plaintiffs' complaint was that it seemed to contain two different sets of claims belonging in different lawsuits under Fed. R. Civ. P. 20. I identified the two cases as follows:

- Lawsuit #1: Defendant Charles Waskow mentally abused her, failed to assist her in disputing online fraud against them and spent either her funds or their joint funds against her wishes. Plaintiff seeks dissolution of their domestic partnership.

- Lawsuit #2: Defendants Linda Covert and Amy Kleenfeldt falsely arrested her and she was "violated" by defendant Nestor Rodriguez in connection with the arrest.

Dkt. #5. I directed plaintiff to explain which of these cases she wished to pursue under case no. 13-cv-758-bbc and whether she wished to bring the other lawsuit in a new case (for which she would owe an additional $350 filing fee). Finally, I directed her to submit amended complaints for either of the lawsuits she wished to pursue in order to explain more fully the bases for her claims and the reasons why she thinks this court could exercise its

2

jurisdiction over them.

Rather than comply with these instructions and narrow the scope of the case, plaintiff has submitted several documents in an attempt to expand the scope, starting with an amended complaint, dkt. #7, in which I understand her to be reiterating her desire to bring *all* of her claims in one lawsuit.  She attempts to tie defendant Waskow to the false arrest claims by alleging that Waskow told the police that plaintiff stole her car, which led to the false arrest.  However, there is no explanation how that incident is related to Waskow's alleged mental abuse of her or to her claims of online fraud.

Additionally, plaintiff submitted an entirely new complaint against federal officials connected to the Internal Revenue Service, Federal Bureau of Investigation and United States Army as well as dozens of companies and individuals, mostly from the worlds of banking and technology.  This complaint, opened as case no. 14-cv-137-bbc, is even more difficult to understand than the complaints plaintiff filed in this case.  I understand her to be saying that she is a victim of identity theft and fraud that has connections to the various companies and banks listed as defendants and that the fraud is somehow connected to the car mentioned in her other case.  Further submissions by plaintiff makes clear that she does not want these new allegations opened as a separate case.  Rather, she believes that all of her claims are "concurrent" and can be addressed together in case no. 13-cv-758-bbc.  Because plaintiff makes clear that she did not intend for her newest complaint to be opened as its own case, I will close case no. 14-cv-137-bbc and plaintiff will not owe a filing fee for this action.

3

This leaves the question how to proceed in case no. 13-cv-758-bbc. Plaintiff's failure to comply with the December 9 order leaves the court with an amended complaint every bit as confusing as the original complaint. Rather than choosing to whittle her claims down by picking one of the two lawsuits identified by the court, plaintiff has chosen to add even more intelligible allegations with her third "complaint" that was originally docketed in case no. 14-cv-137-bbc. There is no question that the sum of her amended allegations fails to meet Rule 20's requirement that her claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."

Moreover, given plaintiff's most recent submissions, there is no reason to believe that she would comply with court directives if given another chance to split her claims. Accordingly, I will take the course of action I warned I would take if plaintiff failed to comply with the court's December 9 order: I will dismiss the case for plaintiff's failure to submit a complaint that complies with Rule 20. If at some later date, plaintiff wishes to pursue claims that clearly belong together in a federal lawsuit, such as the false arrest claims, she may do so by filing a new complaint. As I stated in the December 9 order, to the extent that plaintiff seeks a termination of her domestic partnership, only the state courts have the authority to grant that request. Further, if plaintiff still feels threatened by her domestic partner, she should talk to the authorities.

ORDER

IT IS ORDERED that

(1) The clerk of court is directed to close case no. 14-cv-137-bbc. Plaintiff Latona

Veal will not owe a filing fee for that case.

(2) Case no. 13-cv-758-bbc is DISMISSED for plaintiff's failure to comply with Fed. R. Civ. P. 20.

Entered this 12th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5